UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SCOTT CARROLL BOLTON,<br><br>                    Plaintiff,<br><br>          v.<br><br>STATE OF WASHINGTON, DEPARTMENT OF CORRECTIONS, OLYMPIC CORRECTIONS CENTER, WASHINGTON STATE CORRECTIONS CENTER, SERGEANT MATE, JANICE PRICE, SUE GIBBS, JOHN ALDANA, TRACY HIXON, DON EARLS, and CHAD LEE,<br><br>                    Defendants. | No. C12-5658 BHS/KLS<br><br>ORDER TO AMEND OR SHOW CAUSE |

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4. Plaintiff has been granted leave to proceed *in forma pauperis*. Presently before the Court for review is Plaintiff's proposed civil rights complaint. ECF No. 5. The Court will not direct service of Plaintiff's complaint at this time because it is deficient, as is explained in further detail below. Plaintiff will be given an opportunity to amend his complaint.

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that

ORDER TO AMEND OR SHOW CAUSE- 1

fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.  A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted).  In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).   Neither can the court supply essential facts that an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).  Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies.  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, "the complaint [must provide] 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'"  *Kimes v. Stone* 84 F.3d 1121, 1129 (9th Cir. 1996) (citations omitted).   In addition, in

ORDER TO AMEND OR SHOW CAUSE- 2

order to obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that the particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). To be liable for "causing" the deprivation of a constitutional right, the particular defendant must commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and which causes the plaintiff's deprivation. *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

**A.       Prisoner Grievance**

Plaintiff states that there is a grievance procedure available at the Washington Corrections Center, that he has filed a grievance regarding his claims, but that the grievance procedure is not completed. ECF No. 5, at 2.

The Prison Litigation Reform Act of 1995 (PLRA) mandates that:

> *No action shall be brought with respect to prison conditions* under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other federal law, by a prisoner confined in any jail, prison or other correctional facility, *until such administrative remedies as are available are exhausted*.

42 U.S.C. § 1997e [emphasis added].

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought to court." *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 918-19 (2007). Inmates must exhaust their prison grievance remedies before filing suit if the prison grievance system is capable of providing any relief or taking any action in response to the grievance. "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001). The "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or

ORDER TO AMEND OR SHOW CAUSE- 3

some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). The underlying premise is that requiring exhaustion "reduce[s] the quantity and improve[s] the quality of prisoner suits, [and] affords corrections officials an opportunity to address complaints internally. . . . In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation." *Id.* at 525.

Plaintiff does not allege that he has exhausted his state court remedies prior to filing his claims in this action.

**B.     Parties**

Plaintiff names the State of Washington, Department of Corrections, Olympic Corrections Center, and Washington State Corrections Center as Defendants.

If Plaintiff believes that he has a claim under 42 U.S.C. § 1983 and wishes to amend his complaint, he must allege that the conduct he complains of was committed by a person acting under color of state law. Section 1983 authorizes assertion of a claim for relief against a "person" who acted under color of state law. A suable §1983 "person" encompasses state and local officials sued in their personal capacities, municipal entities, and municipal officials sued in an official capacity. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). Plaintiff must set forth facts describing when, where and how *individually* named defendants deprived him of a federal constitutional right. Entities such as the Department of Corrections, Olympic Corrections Center, and Washington State Corrections Center are not "persons" for purposes of a section 1983 civil rights action. Also, the State of Washington is not a proper party because it is well-established that the Eleventh Amendment affords non-consenting states constitutional immunity from suit in both federal and state courts. *See, e.g., Alden v. Maine*, 527 U.S. 706, 748

ORDER TO AMEND OR SHOW CAUSE- 4

(1999); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989); *Warnock v. Pecos County*, 88 F.3d 341, 343 (5th Cir. 1996). Accordingly, Plaintiff may not sue Washington State in this Court. Similarly, a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office and thus the state. *Will v. Mich. Dep't of State*, 491 U.S. at 71.

C.   **Statement of Relief**

Plaintiff asks that "all defendants be corrected by provisions of U.S.C.A. as penalized for violations of U.S.C.A. law provisions and Wash. St. Constitution (reprimanded as law states). ECF No. 5, p. 4. It is entirely unclear from this statement what relief Plaintiff is seeking from this Court. Rule 8(a) of the Federal Rules of Civil Procedure requires that a pleader include within his complaint "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed.R.Civ.P. 8(a).

Plaintiff should state what relief he seeks, monetary or otherwise.

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed no later than **September 7, 2012.** If Plaintiff chooses to amend his complaint, he must demonstrate how the conditions complained of have resulted in a deprivation of his constitutional rights. The complaint must allege in specific terms how each named defendant is involved. The amended complaint must set forth all of Plaintiff's factual claims, causes of action, and claims for relief. Plaintiff shall set forth his factual allegations **in separately numbered paragraphs** and shall allege with specificity the following:

ORDER TO AMEND OR SHOW CAUSE- 5

  (1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

  (2) the dates on which the conduct of each Defendant allegedly took place; and

  (3) the specific conduct or action Plaintiff alleges is unconstitutional.

An amended complaint operates as a <u>complete</u> substitute for (rather than a mere supplement to) the present complaint. In other words, an amended complaint supersedes the original in its entirety, making the original as if it never existed. Therefore, reference to a prior pleading or another document is unacceptable – once Plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (as a general rule, an amended complaint supersedes the prior complaint). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff shall present his complaint on the form provided by the Court. The amended complaint must be **legibly rewritten or retyped in its entirety**, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "Amended Complaint" and must contain the same cause number as this case. Plaintiff should complete all sections of the court's form. Plaintiff may attach continuation pages as needed but may not attach a separate document that purports to be his amended complaint. **Plaintiff is advised that he should make a short and plain statement of claims against the defendants. He may do so by listing his complaints in separately numbered paragraphs. He should include facts explaining how each defendant was involved in the denial of his rights.**

ORDER TO AMEND OR SHOW CAUSE- 6

The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to the violation of Plaintiff's rights.

If Plaintiff decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **September 7, 2012**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g).  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. 1983 civil rights complaint and for service.  The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff**.

**DATED** this  7th   day of August, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 7