1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

SCOTT CARROLL BOLTON,

6                                              Plaintiff,        No. C12-5677 RJB/KLS

7                     v.                                         ORDER TO AMEND OR SHOW CAUSE

8    WASHINGTON DEPARTMENT OF
     CORRECTIONS, WASHINGTON STATE,
9    WASHINGTON CORRECTION CENTER,

10                                             Defendants.

11           This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28

12   U.S.C. § 636(b)(1), Local Rules MJR 3 and 4.  Plaintiff has been granted leave to proceed *in*

13   *forma pauperis*.  Presently before the Court for review is Plaintiff's proposed civil rights

14   complaint.  ECF No. 5.  The Court will not direct service of Plaintiff's complaint at this time

15   because it is deficient, as is explained in further detail below.  Plaintiff will be given an

16

17   opportunity to amend his complaint.

18                                          **DISCUSSION**

19           Under the Prison Litigation Reform Act of 1995, the Court is required to screen

20   complaints brought by prisoners seeking relief against a governmental entity or officer or

21   employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint

22   or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that

23   fail to state a claim upon which relief may be granted, or that seek monetary relief from a

24   defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See

25   *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

26

ORDER TO AMEND OR SHOW CAUSE- 1

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Neither can the court supply essential facts that an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, "the complaint [must provide] 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Kimes v. Stone* 84 F.3d 1121, 1129 (9th Cir. 1996) (citations omitted). In addition, in order to obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that the particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

ORDER TO AMEND OR SHOW CAUSE- 2

To be liable for "causing" the deprivation of a constitutional right, the particular defendant must commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and which causes the plaintiff's deprivation. *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

**A.   Prisoner Grievance**

Plaintiff states that there is a grievance procedure available at the Washington Corrections Center, that he has filed a grievance regarding his claims, but that the grievance procedure is not completed. ECF No. 5, at 2.

The Prison Litigation Reform Act of 1995 (PLRA) mandates that:

> *No action shall be brought with respect to prison conditions* under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other federal law, by a prisoner confined in any jail, prison or other correctional facility, *until such administrative remedies as are available are exhausted.*

42 U.S.C. § 1997e [emphasis added].

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought to court." *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 918-19 (2007). Inmates must exhaust their prison grievance remedies before filing suit if the prison grievance system is capable of providing any relief or taking any action in response to the grievance. "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001). The "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). The underlying premise is that requiring exhaustion "reduce[s] the quantity and improve[s] the quality of prisoner suits, [and] affords corrections officials an opportunity to address complaints

ORDER TO AMEND OR SHOW CAUSE- 3

1   internally. . . .  In some instances, corrective action taken in response to an inmate's grievance

2   might improve prison administration and satisfy the inmate, thereby obviating the need for

3   litigation."  *Id.* at 525.

4         Plaintiff does not allege that he has exhausted his state court remedies prior to filing his

5   claims in this action.

6   **B.     Parties**

7         Plaintiff names the State of Washington, Washington Department of Corrections and

8

9   Washington Corrections Center as Defendants.

10        If Plaintiff believes that he has a claim under 42 U.S.C. § 1983 and wishes to amend his

11  complaint, he must allege that the conduct he complains of was committed by a person acting

12  under color of state law.  Section 1983 authorizes assertion of a claim for relief against a

13  "person" who acted under color of state law.  A suable §1983 "person" encompasses state and

14  local officials sued in their personal capacities, municipal entities, and municipal officials sued in

15  an official capacity.  *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989).  Plaintiff

16  must set forth facts describing when, where and how *individually* named defendants deprived

17  him of a federal constitutional right.  Entities such as the Department of Corrections, Olympic

18  Corrections Center, and Washington State Corrections Center are not "persons" for purposes of a

19  section 1983 civil rights action.  Also, the State of Washington is not a proper party because it is

20  well-established that the Eleventh Amendment affords non-consenting states constitutional

21  immunity from suit in both federal and state courts.  *See, e.g., Alden v. Maine*, 527 U.S. 706, 748

22  (1999); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989); *Warnock v. Pecos*

23  *County*, 88 F.3d 341, 343 (5th Cir. 1996).

24

25

26

ORDER TO AMEND OR SHOW CAUSE- 4

Accordingly, Plaintiff may not sue Washington State in this Court.  Similarly, a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office and thus the state.  *Will v. Mich. Dep't of State*, 491 U.S. at 71.

## C.   Statement of Claims

### 1)   Seizure of Inmate Account Funds

Plaintiff claims that on June 13 through June 24, 2012, monies were "illegally and unlawfully" taken from his inmate account without his consent.  ECF No. 5, at 4.  As a result of such seizure of funds, Plaintiff claims that he could not obtain items from the commissary, order public disclosure items, participate in recreational activities, and send legal mail.  *Id.*  He also states that he is "assuming [that such conduct] is in retaliation of such cases of complaints and grievances due to this complaint."  *Id.*  Plaintiff is advised as follows.

The Fourteenth Amendment prevents a state from depriving a person of life, liberty, or property without due process of law. U.S. Const. amend. XIV.  A prisoner has a protected property interest in the funds in his inmate trust account.  *Quick v. Jones*, 754 F.2d 1521, 1523 (9th Cir.1985).  Upon determining a property interest exists, the Court determines the process due.  *Id.*  Application of the due process analysis requires "a recognition that not all situations calling for procedural safeguards call for the same kind of procedure."  *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

As a general rule, where a prisoner alleges the deprivation of a liberty or property interest caused by the unauthorized negligent or intentional action of a prison official, the prisoner cannot state a constitutional claim where the state provides an adequate post-deprivation remedy. See *Zinermon v. Burch*, 494 U.S. 113, 129–32, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990); *Parratt v. Taylor*, 451 U.S. 527, 538, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled on other*

ORDER TO AMEND OR SHOW CAUSE- 5

*grounds by Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) (negligent loss of property or injury to property by state official does not violate due process so long as the state provides a meaningful post-deprivation remedy for the loss or injury); *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (unauthorized intentional deprivation of property by a state employee does not constitute a violation of due process if a meaningful postdeprivation remedy for the loss is available).

Under Washington law, all funds that are sent, brought, or earned by an inmate, shall be deposited in a personal account and the secretary shall have authority to disburse money from such person's personal account for the purposes of satisfying a court-ordered legal financial obligation to the court.  RCW 72.11.020.  Pursuant to RCW 72.09.480, when an inmate receives any funds in addition to his wages or gratuities, the funds are subject to various deductions, including crime victims' compensation account, inmate savings account, legal financial obligations owing in any Washington state superior court, child support, and cost of incarceration.  *Id*., 72.09.480(2).

Also under Washington law, Plaintiff may file a tort claim and a civil action against the State of Washington for the unlawful loss or destruction of his personal property.  RCW 72.02.045 (state and/or state officials liable for the negligent or intentional loss of inmate property); RCW 4.92.090.-.100 (state liable for the tortious conduct of state officials and employees); See also *Jeffries v. Reed*, 631 F.Supp. 1212, 1216 (E.D.Wa.1986) (State of Washington provides a meaningful remedy for the loss of an inmate's property by state officials).  In addition, a prison grievance procedure can constitute an adequate post-deprivation remedy.  *See Al-Ra'id v. Ingle*, 69 F.3d 28, 32 (5th Cir.1995); see *also Wright v. Riveland*, 219 F.3d 905 (9th Cir.2000) (prisoners in Washington have adequate post-deprivation remedies to

ORDER TO AMEND OR SHOW CAUSE- 6

challenge deductions from inmate accounts by utilizing the prison grievance procedure or by filing a state tort action).

Because prisoners in Washington have adequate post-deprivation remedies to challenge deductions from inmate accounts by utilizing the prison grievance procedure or by filing a state tort action, it is unlikely that Plaintiff can prevail on a claim for violation of his due process rights.  Plaintiff must show cause why this claim should not be dismissed.

**2)    Retaliation**

To the extent Plaintiff is attempting to claim that funds were withdrawn from his account in retaliation, he is advised that his complaint is deficient because he has failed to provide facts sufficient from which it can be inferred that anyone retaliated against him.

Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.  *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).  The Ninth Circuit has consistently held that prison staff may not retaliate against inmates for exercising their constitutional rights to file lawsuits and grievances.  *Rizzo v. Dawson*, 778 F.2d 527 (9th Cir. 1983); *Barnett v. Centoni*, 31 F.3d 813 (9th cir. 1994); *Pratt v. Rowland*, 65 F.3d 802 (9th Cir. 1995); *Rhodes*, 408 F.3d 559 (9th Cir. 2005).   A retaliation claim may assert an injury no more tangible than a chilling effect on First Amendment rights.... Thus, the mere threat of harm can be an adverse action, regardless of whether it is carried out because the threat itself can have a chilling effect."  *See Brodheim v. Cry*, 584 F.3d 1262, 1269–70 (9th Cir. 2009)

ORDER TO AMEND OR SHOW CAUSE- 7

Plaintiff must state name the persons who retaliated against him. He must also describe what retaliation occurred, when it occurred, and explain why the retaliatory conduct occurred.

### 3)      Revocation of DOSA Sentence

Plaintiff contends that his DOSA sentence was revoked based on perjured testimony. ECF No. 5, at 6. Such allegations, if established, would necessarily imply the invalidity of the revocation of his DOSA sentence. See *Edwards v. Balisok*, 520 U.S. 641, 658, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). If Plaintiff seeks to attack the revocation of his DOSA sentence, he must proceed in habeas corpus, and not under § 1983. See *Preiser v. Rodriguez*, 411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Plaintiff must show cause why this claim should not be dismissed.

## D.      Statement of Relief

Plaintiff asks that "all defendants listed be reprimanded and penalized according to the law of U.S.C.A. and Washington State Constitution". ECF No. 5, p. 4. It is entirely unclear from this statement what relief Plaintiff is seeking from this Court. Rule 8(a) of the Federal Rules of Civil Procedure requires that a pleader include within his complaint "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed.R.Civ.P. 8(a). Plaintiff must state what relief he seeks, monetary or otherwise.

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed no later than **September 21, 2012.** If Plaintiff chooses to amend his complaint, he must demonstrate how the conditions complained of have resulted in a deprivation of his constitutional rights. The complaint must allege in specific terms how each named defendant is involved. The amended complaint must set forth all of

ORDER TO AMEND OR SHOW CAUSE- 8

Plaintiff's factual claims, causes of action, and claims for relief.  Plaintiff shall set forth his factual allegations **in separately numbered paragraphs** and shall allege with specificity the following:

> (1)     the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

> (2)     the dates on which the conduct of each Defendant allegedly took place; and

> (3)     the specific conduct or action Plaintiff alleges is unconstitutional.

An amended complaint operates as a <u>complete</u> substitute for (rather than a mere supplement to) the present complaint.  In other words, an amended complaint supersedes the original in its entirety, making the original as if it never existed.  Therefore, reference to a prior pleading or another document is unacceptable – once Plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (as a general rule, an amended complaint supersedes the prior complaint).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff shall present his complaint on the form provided by the Court.  The amended complaint must be **legibly rewritten or retyped in its entirety**, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "Amended Complaint" and must contain the same cause number as this case.  Plaintiff should complete all sections of the court's form.  Plaintiff may attach continuation pages as needed but may not attach a separate document that purports to be his amended complaint.  **Plaintiff is advised that he should make a short and plain statement of claims against the defendants.  He may do so by listing his complaints in separately numbered**

ORDER TO AMEND OR SHOW CAUSE- 9

**paragraphs.  He should include facts explaining how each defendant was involved in the denial of his rights.**

The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to the violation of Plaintiff's rights.

If Plaintiff decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **September 21, 2012**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g).  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. 1983 civil rights complaint and for service.  The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff.**

**DATED** this  29th  day of August, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 10