UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SCOTT CARROL BOLTON,<br><br>                    Plaintiff,<br><br>     v.<br><br>STATE OF WASHINGTON, DEPARTMENT OF CORRECTIONS, OLYMPIC CORRECTIONS CENTER, WASHINGTON STATE CORRECTIONS CENTER, SERGEANT MATE, JANICE PRICE, SUE GIBBS, JOHN ALDANA, TRACY HIXON, DON EARLS, and CHAD LEE,<br><br>                    Defendants. | No. C12-5658 BHS/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For: October 12, 2012** |

      This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff has been granted leave to proceed *in forma pauperis*. ECF No. 4. The Court reviewed Plaintiff's Complaint (ECF No. 5) and found it to be deficient. The Court ordered Plaintiff to show cause why his complaint should not be dismissed. ECF No. 6. In the alternative, Plaintiff was allowed until September 7, 2012 to file an amended complaint to cure the deficiencies of his complaint. *Id.* Plaintiff did neither. On August 29, 2012, he filed a "Motion for Order" with various "exhibits". ECF No. 10, p. 2. In his motion, he seeks $100,000 for "liability due to perjury. Washington Securities Act violations and a D.O.S.A. Chemical Treatment Revoke Due to Such Violations." *Id.* On September 10, 2012, Plaintiff filed a second motion with additional "exhibits." ECF No. 11.

REPORT AND RECOMMENDATION - 1

Because Plaintiff has failed to file an amended complaint to cure the deficiencies noted in his original complaint and Plaintiff has failed to state a cognizable claim pursuant to 42 U.S.C. § 1983, the undersigned recommends that this case be **dismissed without prejudice and the dismissal counted as a "strike" under 28 U.S.C. § 1915(g).**

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)(citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the

REPORT AND RECOMMENDATION - 2

United States.  *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 687 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

Based on the Court's review of Plaintiff's original complaint (ECF No. 5), Plaintiff has failed to state a claim under 42 U.S.C. § 1983.

Plaintiff stated that there is a grievance procedure available at the Washington Corrections Center, that he has filed a grievance regarding his claims, but that the grievance procedure is not completed.  ECF No. 5, at 2.  The information he has subsequently provided to the Court does not confirm that he exhausted his administrative remedies *prior* to filing this lawsuit.  Rather it appears that he may have been in the process of pursuing them at the same time that he filed this lawsuit.  See, e.g., ECF No. 10-2, pp. 6- 23.

Plaintiff names the State of Washington, Department of Corrections, Olympic Corrections Center, and Washington State Corrections Center as Defendants.  He was advised that these entities are not "persons" for purposes of a section 1983 civil rights action and may not be sued in this Court.  Also, the State of Washington is not a proper party because it is well-established that the Eleventh Amendment affords non-consenting states constitutional immunity from suit in both federal and state courts. *See, e.g.*, *Alden v. Maine*, 527 U.S. 706, 748 (1999); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989); *Warnock v. Pecos County*, 88 F.3d 341, 343 (5th Cir. 1996).

It was also entirely unclear from Plaintiff's statement of relief what type of relief Plaintiff sought from this Court.  In his original complaint, Plaintiff asked that "all defendants be corrected by provisions of U.S.C.A. as penalized for violations of U.S.C.A. law provisions and

REPORT AND RECOMMENDATION - 3

Wash. St. Constitution (reprimanded as law states). ECF No. 5, p. 4. Rule 8(a) of the Federal Rules of Civil Procedure requires that a pleader include within his complaint "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

Plaintiff was properly advised of the deficiencies in his original complaint. He was given ample opportunity to show cause or submit an amended complaint. He did not do so. Instead, he submitted multiple exhibits. These documents are not responsive to the Court's Order and they are not an amended complaint. The Court will not patch together a cause of action from various exhibits. Rather, Plaintiff must file a complaint that presents enough facts to state a claim for relief that is plausible on the face of the complaint. He has failed to do so.

## CONCLUSION

Plaintiff was previously advised that he failed to assert denial of a right secured by the Constitution or laws of the United States. Plaintiff was warned that if he failed to cure the noted deficiencies of his complaint, the Court would recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). ECF No. 6, p. 7. Plaintiff has failed to respond to the Court's Order in any meaningful way.

Plaintiff has failed to state a cognizable claim pursuant to 42 U.S.C. § 1983. Accordingly, it is recommended that this case **dismissed without prejudice and the dismissal counted as a "strike" under 28 U.S.C. § 1915(g).**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those

REPORT AND RECOMMENDATION - 4

objections for purposes of appeal.  *Thomas v Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **October 12, 2012,** as noted in the caption.

    **DATED** this  24th   day of September, 2012.

                                                    Karen L. Strombom
                                                    United States Magistrate Judge

REPORT AND RECOMMENDATION - 5