UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCOTT CARROLL BOLTON,

                 Plaintiff,

    v.

STATE OF WASHINGTON, DEPARTMENT OF CORRECTIONS, OLYMPIC CORRECTIONS CENTER, WASHINGTON STATE CORRECTIONS CENTER, SERGEANT MATE, JANICE PRICE, SUE GIBBS, JOHN ALDANA, TRACY HIXON, DON EARLS, and CHAD LEE,

                 Defendants.

No. C12-5658 BHS/KLS

ORDER TO AMEND OR SHOW CAUSE

Before the Court for review is Plaintiff's proposed Amended Complaint filed on October 17, 2012. ECF No. 16. Plaintiff Scott Carroll Bolton is incarcerated in the Washington Corrections Center. He proceeds pro se and in forma pauperis in this action brought under 42 U.S.C. § 1983, for events that allegedly occurred at the Olympic Corrections Center. In his amended complaint, Mr. Bolton purports to sue various employees of the Olympic Correction Center. The Court finds that Mr. Bolton's complaint fails to state a claim for relief under § 1983. The complaint names defendants who are either immune from suit or who are not state actors who can be sued under § 1983. In addition, the complaint is vague and fails to allege facts establishing that the United States Constitution or federal law has been violated. Accordingly, the Court Orders Mr. Bolton to file an amended complaint or show cause why this complaint should not be dismissed without prejudice.

ORDER TO AMEND OR SHOW CAUSE- 1

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In a § 1983 action, a plaintiff must show that (1) the defendants acting under color of state law (2) deprived the plaintiff of rights secured by the Constitution or federal statutes. *See Gibson v. United States*, 781 F.2d 1334,1338 (9th Cir. 1986). A pleading that states a claim for relief must contain a short and plain statement showing that the plaintiff is entitled to relief and a demand for the relief sought. *See* Fed. R. Civ. P. 8(a). Generally, a federal court will hold the pleadings of a pro se litigant to less stringent standards than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, this rule "applies only to a plaintiff's factual allegations," *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989), and the Court's "liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Even under this standard, the complaint fails to show that Mr. Bolton would be entitled to relief under § 1983.

**A.    Immune Defendants**

Mr. Bolton names the State of Washington, Department of Corrections, Olympic Corrections Center, and the Washington State Corrections Center, as defendants. These defendants are not "persons" for purposes of liability arising under 42 U.S.C. § 1983. *Will v.*

ORDER TO AMEND OR SHOW CAUSE- 2

*Michigan Dep't of State Police,* 491 U.S. 58, 66, 109 S. Ct. 2304 (1989); *Maldonado v. Harris,* 370 F.3d 945, 951 (9th Cir. 2004) (neither a state agency nor state official sued in their official capacity are "persons" for purposes of 42 U.S.C. § 1983). The Eleventh Amendment bars suits against a state unless that state has specifically waived its immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) (citing *Welch v. Texas Dept. of Highways and Pub. Transp.*, 483 U.S. 468, 472-473 (1987)). Further, a state is not a "person" for purposes of § 1983. *Will,* 491 U.S. at 71. Mr. Bolton has been advised that these entities are not proper defendants on more than one occasion. *See* ECF No. 6, at 4; ECF No. 12, at 3.

Accordingly, Mr. Bolton may not assert claims against the State of Washington, Department of Corrections, Olympic Corrections Center, and the Washington State Corrections Center.

**B.     Supervisory Defendants**

Mr. Bolton names Defendants John Aldana and Tracy Hixon in their supervisory capacities. ECF No. 16, at 4. A supervisor is only liable for the constitutional violations of his or her subordinates if the supervisor participated in or directed the violations, or knew of the violations and with deliberate indifference, failed to act to prevent them. *Wilson v. Seiter*, 501 U.S. 294, 303–304, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). There is no respondeat superior liability under 42 U.S.C. § 1983. A supervisory Defendant must be aware of constitutional violations or that alleged constitutional violations were caused by a custom or policy they established.

Mr. Bolton makes only one specific allegation as to Defendant Tracy Hixon. He alleges that on December 2011, Tracy Hixon allegedly made "offensive sexual oriented comments

ORDER TO AMEND OR SHOW CAUSE- 3

during her [Prison Rape Elimination Act] P.R.E.A. orientation of new inmate arrivals." ECF No. 16, at 6.  As explained further below, this allegation is insufficient to state a claim.

C. **Sexual Innuendo/Abuse**

Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983.  See *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir.1997); *Rutledge v. Arizona Bd. Of Regents*, 660 F.2d 1345, 1353 (9th Cir.1981), *aff'd sub nom. Kush v. Rutledge*, 460 U.S. 719 (1983); see, e.g., *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir.1996), amended 135 F.3d 1318 (9th Cir.1998) (disrespectful and assaultive comments by prison guard not enough to implicate 8th Amendment); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir.1987) (directing vulgar language at prisoner does not state constitutional claim); *Burton v. Livingston*, 791 F.2d 87, 99 (8th Cir.1986) ("mere words, without more, do not invade a federally protected right"); *Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir.1975) (prisoner does not have cause of action under § 1983 for being called obscene name by prison employee); *Batton v. North Carolina*, 501 F.Supp. 1173, 1180 (E.D.N.C.1980) (mere verbal abuse by prison officials does not state claim under § 1983).

"Although prisoners have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards, see *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir.2000), the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment.  See e.g., *Blueford v. Prunty*, 108 F.3d 251, 254–55 (9th Cir.1997) (holding that prison guard who engaged in 'vulgar same-sex trash talk' with inmates was entitled to qualified immunity); *Somers v. Thurman*, 109 F.3d 614, 624 (9th Cir.1997)." *Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir.2004).

ORDER TO AMEND OR SHOW CAUSE- 4

Mr. Bolton has failed to state a constitutional violation based on his allegation that Defendant Hixon "made offensive sexual oriented comments" during a PREA orientation. He does not describe what comments were made or how those comments violated any constitutional right. As noted above, mere verbal sexual harassment does not give rise to a federal constitutional claim.

Mr. Bolton also alleges that "Officer Janice Price peered at me while naked in the E&F Shower Room." This allegation does not give rise to a federal constitutional claim either. See e.g., *Watison v. Carter*, 668 F.3d 1108, 1112–13 (9th Cir.2012) (prisoner's allegation that officer approached him while he was sitting on the toilet, rubbed his thigh against prisoner's thigh, and smiled in a sexual manner was insufficient to state an Eighth Amendment claim); see also *Somers v. Thurman*, 109 F.3d 614, 616 (9th Cir.1997) (female guards' visual body cavity searches of male inmates, with pointing and jokes, was not sufficiently harmful for Eighth Amendment violation); *Grummett v. Rushen*, 779 F.2d 491, 494 n. 1 (9th Cir.1985) (policy allowing female guards to conduct pat searches of male inmates, including groin area, did not refer to "the type of shocking and barbarous treatment protected against by the [E]ighth [A]mendment").

**D.      Infractions – ECF No. 16, at pp. 5-8**

Mr. Bolton alleges that he was the subject of numerous infractions:

(1)     March 30, 2012 – found guilty of a "fraudulent, perjured infraction of a WAC 663" and placed in "punitive" segregation.

(2)     April 7, 2012 – found guilty of intimidating a sergeant.

(3)     May 29, 2012 -- placed in "punitive" segregation.

ORDER TO AMEND OR SHOW CAUSE- 5

   (4) May 30, 2012 – infracted based on "perjured statements" of Defendants Price and Mate.

   (5) June of 2012 -- found guilty of attempted self harm.

   (6) July of 2012 -- found guilty of two more rule violations; revocation of Chemical Drug Treatment Program.

 Mr. Bolton's description of the various infractions and punishments is vague and insufficient to state a claim under Section 1983. He does not allege who was involved in the infraction and/or hearing, describe the "fraudulent" or "perjured" statements, or describe the length or nature of his punishment(s). He fails to allege how these incidents violated any constitutional right. He fails to indicate whether he challenged the infractions or punishments through all levels of the prison grievance system.

 To the extent Mr. Bolton is challenging the loss of good time his sole remedy is in habeas. When a person confined by the state is challenging the very fact or duration of his physical custody, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that custody, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). There is "no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)(emphasis added).

 "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id.* If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge

ORDER TO AMEND OR SHOW CAUSE- 6

must be brought as a petition for a writ of habeas corpus, not under § 1983." *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir.1997) (quoting *Edwards v. Balisok*, 520 U.S. 641 (1997)).  Here, plaintiff seeks to challenge disciplinary hearings but he does not indicate what sanctions he received.

To the extent Plaintiff is claiming a denial of due process, prisoners have "no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest," but they do have "the right not to be deprived of a protected liberty interest without due process of law." *Freeman v. Rideout*, 808 F.2d 949, 951 (2nd Cir.1986).

The procedural protections afforded by the Due Process Clause adhere only when the disciplinary action implicates a protected liberty interest in some "unexpected manner" or imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Rather than invoking a single standard for determining whether a prison hardship is atypical and significant, courts rely on a condition or combination of conditions or factors that requires case by case, fact by fact consideration. *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir.2003) (citing *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir.1996), amended 135 F.3d 1318 (1998)), cert. denied, 543 U.S. 825 (2004).  Courts are to look to three guideposts by which to frame the inquiry: (1) whether the challenged condition mirrored those conditions imposed upon inmates in administrative segregation and protective custody; (2) the duration of the condition, and the degree of restraint imposed; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence. *Serrano*, 345 F.3d at 1078 (citations omitted).

ORDER TO AMEND OR SHOW CAUSE- 7

In a prison disciplinary hearing the concept of due process exists because an inmate has a liberty interest in having good time or earned time credited against his sentence. Once that good time or earned time has been credited against the sentence, the sentence has been shortened.  The inmate has a liberty interest in being released on the earlier date.  See, *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Thus, good time that has been credited against a sentence cannot be taken away without affording due process.  Moreover, "[t]he Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison." *Wolff*, 418 U.S. at 556–57.  Thus, a plaintiff's ineligibility for earned early release time credits is a consequence of a discretionary decision to place him in isolation. The collateral consequence, that a plaintiff is unable to earn early release time credits while in isolation, does not convert his placement in isolation into a protected liberty interest.

If the only sanction is administrative segregation, the threshold inquiry for the court is whether Plaintiff's confinement in administrative segregation implicates a protected liberty interest.  The placement of a prisoner in isolation or segregation as a result of disciplinary proceedings is subject to *Wolff's* procedural protections if (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, and (2) the liberty in question is one of "real substance." *Sandin*, 515 U .S. at 477–87.  Typically, placement in segregated housing in and of itself does not implicate a protected liberty interest.  *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir.2003).  Mere allegations by a prisoner that he was denied due process in connection with the decision to administratively segregate him do not present a constitutionally cognizable claim, absent a showing that the specific deprivation at play meets the "real substance" test. See, e.g., *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir.1997).

ORDER TO AMEND OR SHOW CAUSE- 8

Plaintiff has provided no factual basis upon which it may be inferred that he had a legally protected liberty interest to be free from placement in administrative segregation.

### C.     Fellow Inmate Defendant

Mr. Bolton names Chad Lee, an inmate at the Olympic Correction Center, as a defendant. ECF No. 16, p. 5.  There are no allegations contained in the Amended Complaint as to Mr. Lee. Mr. Bolton has failed to state a claim against Mr. Lee.

Moreover, Mr. Lee is not a "person acting under color of state law."  To succeed on a § 1983 claim, a plaintiff ordinarily must demonstrate deprivation of a constitutional right by a person acting under color of state law.  *Dang Vang v.Van Xiong X. Toyed*, 944 F.2d 476, 479 (9th Cir.1991). "It is firmly established that a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the state.  Thus, generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *West v. Atkins*, 487 U.S. 42, 49-50, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) (citations omitted). "Under color of state law" means under pretense of state law. *Screws v. United States*, 325 U.S. 91, 111, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945).  There is no such pretense if the wrongful acts are wholly unrelated to the employee's duty.  *Murphy v. Chicago Transit Auth.*, 638 F.Supp. 464, 467 (N.D.Ill.1986) (citing *Johnson v. Hackett*, 284 F.Supp. 933, 937 (E.D.Pa.1968)).  "[A]ctions taken under color of state law must be related to the state authority conferred on the actor, even though the actions are not actually permitted by the authority." *Dang Vang*, 944 F.2d at 480 (citations omitted).

It is clear from Mr. Bolton's complaint that Mr. Lee is a prisoner but the amended complaint is devoid of any allegations against Mr. Lee.  A prisoner is not a state employee acting

ORDER TO AMEND OR SHOW CAUSE- 9

under color of state law and therefore, Mr. Bolton cannot pursue a Section 1983 claim against Mr. Lee.

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed no later than **January 11, 2013.** If Plaintiff chooses to amend his complaint, he must demonstrate how the conditions complained of have resulted in a deprivation of his constitutional rights. The complaint must allege in specific terms how each named defendant is involved. The amended complaint must set forth all of Plaintiff's factual claims, causes of action, and claims for relief. Plaintiff shall set forth his factual allegations **in separately numbered paragraphs** and shall allege with specificity the following:

(1)   the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2)   the dates on which the conduct of each Defendant allegedly took place; and

(3)   the specific conduct or action Plaintiff alleges is unconstitutional.

An amended complaint operates as a complete substitute for (rather than a mere supplement to) the present complaint. In other words, an amended complaint supersedes the original in its entirety, making the original as if it never existed. Therefore, reference to a prior pleading or another document is unacceptable – once Plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (as a general rule, an amended complaint supersedes the prior complaint). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

ORDER TO AMEND OR SHOW CAUSE- 10

Plaintiff shall present his complaint on the form provided by the Court. The amended complaint must be **legibly rewritten or retyped in its entirety**, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "Second Amended Complaint" and must contain the same cause number as this case. Plaintiff should complete all sections of the court's form. Plaintiff may attach continuation pages as needed but may not attach a separate document that purports to be his amended complaint. **Plaintiff is advised that he should make a short and plain statement of claims against the defendants. He may do so by listing his complaints in separately numbered paragraphs. He should include facts explaining how each defendant was involved in the denial of his rights.**

The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to the violation of Plaintiff's rights.

If Plaintiff decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **January 11, 2013**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

ORDER TO AMEND OR SHOW CAUSE- 11

**PLAINTIFF IS DIRECTED TO SUBMIT ONLY HIS PROPOSED SECOND AMENDED COMPLAINT.  PLAINTIFF IS DIRECTED TO FILE NO MOTIONS UNTIL IT HAS BEEN DETERMINED THAT ANY OF HIS CLAIMS WILL BE ALLOWED TO GO FORWARD.**

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. 1983 civil rights complaint and for service.  The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff.

**DATED** this  18th  day of December, 2012.

Karen L. Strombom
United States Magistrate Judge