UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCOTT CARROL BOLTON,

                                        Plaintiff,

         v.

STATE OF WASHINGTON,
DEPARTMENT OF CORRECTIONS,
JANICE PRICE, SUE GIBBS, JOHN
ALDANA, WASHINGTON CORRECTION
CENTER, RICHARD MATE, CHAD LEE,
TRACY HIXON,

                                        Defendants.

No. C12-5658 BHS/KLS

**REPORT AND RECOMMENDATION**
**Noted For: March 8, 2013**

         This Court has reviewed Plaintiff's amended complaint (ECF No. 35) and finds it to be

deficient.  Plaintiff has had several opportunities to amend his complaint to state a viable claim.

He has failed to do so.  The undersigned recommends that his amended complaint be dismissed

without prejudice and that the dismissal count as a strike under 28 U.S.C. § 1915(g).

                                        **BACKGROUND**

         On August 7, 2012, the undersigned reviewed Plaintiff's original complaint (ECF No. 5)

and found it to be deficient.  The Court ordered Plaintiff to show cause why his complaint should

not be dismissed.  ECF No. 6.  In the alternative, Plaintiff was allowed until September 21, 2012

to file an amended complaint to cure the deficiencies of his complaint.  *Id.*  Plaintiff did not

respond within the deadline.  On August 29, 2012, he filed a "Motion for Order" with

various "exhibits."  ECF No. 10, p. 2.  In his motion, he sought $100,000 for "liability due to

perjury.  Washington Securities Act violations and a D.O.S.A. Chemical Treatment Revoke Due

REPORT AND RECOMMENDATION - 1

to Such Violations." *Id.*  On September 10, 2012, Plaintiff filed a second motion with additional "exhibits."  ECF No. 11.  In a Report and Recommendation dated September 24, 2012, the undersigned recommended that Plaintiff's complaint be dismissed and that the dismissal count as a "strike" under 28 U.S.C. § 1915(g) because Plaintiff failed to file an amended complaint and had failed to state a cognizable claim pursuant to 42 U.S.C. § 1983.  ECF No. 12.

On October 17, 2012, Plaintiff filed an amended complaint (ECF No. 16), which was accepted by the District Court in response to the R&R.  The Court, therefore, declined to adopt the R&R and referred the amended complaint (ECF No. 16) and pending motion to submit additional exhibits (ECF No. 13) to the undersigned for consideration.  On October 22, 2012, Plaintiff also filed a motion to amend claim.  ECF No. 17.  On November 2, 2012, Plaintiff then filed a motion requesting dismissal without prejudice of his claims pursuant to Rule 41(a)(1). ECF No. 17, at 2.

In a Report and Recommendation dated November 7, 2012, the undersigned recommended that the Plaintiff's motion to voluntarily dismiss his claim be granted.  ECF No. 20.  On the same day, Plaintiff filed five motions for preliminary injunctive relief, a motion for default judgment, a motion for amended claim, three motions for "order of notice," and a motion for ex parte communication. ECF Nos. 21-25, 27-33.

In his motion for ex parte communication, Plaintiff stated that he filed the motion to voluntarily dismiss his case after his motion to consolidate this case with Case No. C12-5677 had been denied.  He then stated that "for reasons unknown to me, I'm assuming clerical error or misinterpretation," his motion for voluntary dismissal was granted.  ECF No. 33 at 3-4.  He asked that the Court allow his cases to survive.  *Id.* at 4.   Plaintiff's motion to consolidate was denied on October 18, 2012.  On November 19, 2012, Plaintiff's claims in Case No. C12-5677

REPORT AND RECOMMENDATION - 2

were denied without prejudice and the dismissal counted as a strike pursuant to 28 U.S.C. 1915(g).  ECF Nos. 9 and 10 therein.  However, because it appeared that Plaintiff may have been confused as to his obligations to appropriately plead his claims in this case, the undersigned rescinded its Report and Recommendation dated November 7, 2012 (ECF No. 20) and stated that it would review Plaintiff's proposed amended complaint filed on October 17, 2012 (ECF No. 16) to determine whether Plaintiff has stated a viable 42 U.S.C. 1983 complaint.  ECF No. 34, p. 2. His pending motions were denied (ECF Nos. 21-25 denied without prejudice); (ECF Nos. 27-33 denied as premature).

On December 18, 2012, and after reviewing Plaintiff's amended complaint (ECF No. 16), the Court again ordered Plaintiff to show cause why his amended complaint should not be dismissed.  ECF No. 35.  Plaintiff's deadline to show cause was January 11, 2012. *Id.*  On January 14, 2013, Plaintiff filed a motion for extension of time.  ECF No. 36.  He stated that the Court's mail has been delayed because it was sent to the wrong address even though he has informed the Court of his new address on two occasions.  He also stated that he has limited access to the law library.  *Id.*  Plaintiff had not previously informed the Court of his new address but the current address change was noted by the Clerk and the Court granted the extension.  ECF No. 39.

On January 16, 2013, the Court received numerous documents from Plaintiff.   ECF No. 38.  In its Order granting Plaintiff's extension of time, the Court advised Plaintiff that it was assuming that the documents filed at ECF No. 38 was Plaintiffs' response to the Court's Order to Show Cause.  ECF No. 38.  Plaintiff was advised that the Court would review these documents to determine if Plaintiff has stated a viable cause of action.  The Court also advised Plaintiff that no further extensions would be granted as this case has been on file since July 24, 2012, and

REPORT AND RECOMMENDATION - 3

Plaintiff had already been given ample opportunities to file a viable complaint.   Plaintiff was also advised to file no further documents or motions.  *Id.*

On February 8, 2013, Plaintiff filed a "Motion for Admissions of Conspiracy to Impede and Frustrate Plaintiff."  ECF No. 40.  On February 14, 2013, Plaintiff filed a "Motion for Order of Contempt of Court."  ECF No. 42.  The Court declines to act on these motions as no viable complaint has been filed and Plaintiff was previously ordered to refrain from filing additional motions.  ECF No. 39.

Plaintiff's most recent filing (ECF No. 38) is deficient.  Plaintiff has failed to file an amended complaint to cure the deficiencies previously noted by the Court and has otherwise not responded in any meaningful way to the Court's Order to Show Cause.  ECF No. 35.  Therefore, the undersigned recommends that this case be **dismissed without prejudice and the dismissal counted as a "strike" under 28 U.S.C. § 1915(g).**

### DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In a § 1983 action, a plaintiff must show that (1) the defendants acting under color of state law (2) deprived the plaintiff of rights secured by the Constitution or federal statutes.  *See Gibson v. United States*, 781 F.2d 1334,1338 (9th Cir. 1986).  A pleading that states a claim for

REPORT AND RECOMMENDATION - 4

relief must contain a short and plain statement showing that the plaintiff is entitled to relief and a demand for the relief sought. *See* Fed. R. Civ. P. 8(a). Generally, a federal court will hold the pleadings of a pro se litigant to less stringent standards than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, this rule "applies only to a plaintiff's factual allegations," *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989), and the Court's "liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Even under this liberal standard, Plaintiff's response fails to show that Mr. Bolton would be entitled to relief under § 1983.

In response to the Court's Order to Show Cause, Plaintiff has submitted over 297 pages of documents, consisting of the following: (1) "Defendant's Notice of Information" (ECF No. 38, pp. 1-53), to which are attached a complaint and affidavit, with at least four sets of documents which appear to be duplicates of the complaint and affidavit; (2) Affidavit in Support of Motion (ECF No. 38-1, pp. 1-49), to which are attached five separate complaints and affidavits which again appear to be duplicates of those referred to above; and (3) 118 pages of appendices (ECF No. 38-2, pp. 1-68; ECF No. 38-3, pp. 1-80), which contain legal citations and argument. The duplication of the complaint and affidavits may have been Plaintiff's attempt to provide service copies. The Court has analyzed what appears to be the first complete complaint, filed at ECF No. 38, pp. 4-12.

Plaintiff is incarcerated at the Coyote Ridge Corrections Center (CRCC). He purports to sue various employees of the Olympic Correction Center for events that allegedly occurred there. He names the superintendent of OCC, several correction officers, and a fellow inmate. He has previously been advised that the contents of this complaint are deficient.

REPORT AND RECOMMENDATION - 5

**DISCUSSION**

**A.    Immune Defendants**

Mr. Bolton names the State of Washington, Department of Corrections, and Washington Correction Center as defendants.  Although he includes no specific reference to these Defendants within the body of the complaint, they are still included, at least in part, within the caption of his amended complaint.  ECF No. 38.  Mr. Bolton was previously advised that these defendants are not "persons" for purposes of liability arising under 42 U.S.C. § 1983.  *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 66, 109 S. Ct. 2304 (1989); *Maldonado v. Harris,* 370 F.3d 945, 951 (9th Cir. 2004) (neither a state agency nor state official sued in their official capacity are "persons" for purposes of 42 U.S.C. § 1983.  The Eleventh Amendment bars suits against a state unless that state has specifically waived its immunity.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) (citing *Welch v. Texas Dept. of Highways and Pub. Transp.*, 483 U.S. 468, 472-473 (1987)).  Further, a state is not a "person" for purposes of § 1983. *Will,* 491 U.S. at 71. Mr. Bolton has been advised that these entities are not proper defendants on more than one occasion.  *See* ECF No. 6, p. 4; ECF No. 12, p. 3; ECF No. 35, pp. 2-3.

Plaintiff's claims against the State of Washington, Department of Corrections, and Washington Corrections Center should be dismissed without further leave to amend.

**B.    Tracy Hixon**

Mr. Bolton alleges that on November 25-26, 2011, during a Prison Rape Elimination Act (PREA) orientation of new inmate arrivals, Tracy Hixon stated that "love making is not a bad thing."  ECF No. 38, p. 5.  Plaintiff contends that this statement "assumed that this is a normal

REPORT AND RECOMMENDATION - 6

standard practice to new arrivals."  *Id.*  Plaintiff was previously advised that his allegations

against Ms. Hixon were insufficient to state a claim.  ECF No. 35, pp. 4-6.

Allegations of verbal harassment and abuse fail to state a claim cognizable under 42

U.S.C. § 1983.  See *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir.1997); *Rutledge v. Arizona*

*Bd. Of Regents*, 660 F.2d 1345, 1353 (9th Cir.1981), *aff'd sub nom. Kush v. Rutledge*, 460 U.S.

719 (1983); see, e.g., *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir.1996), amended 135 F.3d

1318 (9th Cir.1998) (disrespectful and assaultive comments by prison guard not enough to

implicate 8th Amendment); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir.1987) (directing

vulgar language at prisoner does not state constitutional claim); *Burton v. Livingston*, 791 F.2d

87, 99 (8th Cir.1986) ("mere words, without more, do not invade a federally protected right");

*Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir.1975) (prisoner does not have cause of action

under § 1983 for being called obscene name by prison employee); *Batton v. North Carolina*, 501

F.Supp. 1173, 1180 (E.D.N.C.1980) (mere verbal abuse by prison officials does not state claim

under § 1983).

"Although prisoners have a right to be free from sexual abuse, whether at the hands of

fellow inmates or prison guards, *see Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir.2000),

the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment.

*See e.g., Blueford v. Prunty*, 108 F.3d 251, 254–55 (9th Cir.1997) (holding that prison guard who

engaged in 'vulgar same-sex trash talk' with inmates was entitled to qualified immunity); *Somers*

*v. Thurman*, 109 F.3d 614, 624 (9th Cir.1997)."  *Austin v. Terhune*, 367 F.3d 1167, 1171 (9th

Cir.2004).

Based on the foregoing, Mr. Bolton has failed to state a constitutional violation based on

his allegation of Defendant Hixon's comment during the PREA orientation.  Mr. Bolton was

REPORT AND RECOMMENDATION - 7

previously given an opportunity to amend this claim and he has amended the claim to state more specifically what comment Defendant Hixon allegedly made during the PREA orientation. However, even assuming the truth of this allegation, the Court finds that he has failed to state a claim under 42 U.S.C. § 1983 upon which relief may be granted.  This claim should be dismissed without further leave to amend.

**C.     Janice Price**

Mr. Bolton alleges that "Officer Janice Price peered at me while naked in the E&F Shower Room."   ECF No. 38, pp. 6-7.  Plaintiff was previously advised that this allegation does not give rise to a federal constitutional claim.  *See e.g.*, *Watison v. Carter*, 668 F.3d 1108, 1112–13 (9th Cir.2012) (prisoner's allegation that officer approached him while he was sitting on the toilet, rubbed his thigh against prisoner's thigh, and smiled in a sexual manner was insufficient to state an Eighth Amendment claim); *see also Somers v. Thurman*, 109 F.3d 614, 616 (9th Cir.1997) (female guards' visual body cavity searches of male inmates, with pointing and jokes, was not sufficiently harmful for Eighth Amendment violation); *Grummett v. Rushen*, 779 F.2d 491, 494 n. 1 (9th Cir.1985) (policy allowing female guards to conduct pat searches of male inmates, including groin area, did not refer to "the type of shocking and barbarous treatment protected against by the [E]ighth [A]mendment").

Mr. Bolton was given an opportunity to amend this claim but has failed to do so.  He merely restates the claim that this Court previously found to be deficient.  His claims against Janice Price should be dismissed without further leave to amend.

**D.     Infractions – ECF Nos. 38, pp. 5-8**

Mr. Bolton alleges that he was the subject of numerous infractions:

REPORT AND RECOMMENDATION - 8

(1)    March 30, 2012 – Plaintiff claims that Sergeant Don Earles infracted him, that the infraction included false and perjured statements, and that as a result of the infraction, Plaintiff's participation in a drug treatment program was terminated . ECF No. 38, pp. 5-6.

(2)    May 14, 2012 – Plaintiff claims that a report was written (by either Officer Gooding and/or Sgt. Price) after Plaintiff hit a door with his closed fist. He was later questioned by Officer Davis. ECF No. 38, pp. 6-7.

(3)    May 29, 2012 – Plaintiff claims that he was assaulted by another inmate and the facts of the assault were falsified and evidence destroyed in order to conceal the assault and deny him medical treatment. Plaintiff does not identify who was involved in the alleged falsification and destruction of evidence and does not describe the nature of the medical treatment he claims to have been denied.

Mr. Bolton's description of the various infractions and punishments is vague and insufficient to state a claim under Section 1983. He does not sufficiently allege who was involved in the infraction and/or hearing, describe the "fraudulent" or "perjured" statements, or describe the length or nature of his punishment(s). He also fails to allege how these incidents violated any constitutional right. He also fails to indicate whether he challenged the infractions or punishments through all levels of the prison grievance system.

Mr. Bolton was previously advised that, to the extent he is challenging the loss of good time his sole remedy is in habeas. *See* ECF No. 36, p. 6. When a person confined by the state is challenging the very fact or duration of his physical custody, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that custody, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). There is "no cause of action under § 1983 unless and until the conviction or sentence is

REPORT AND RECOMMENDATION - 9

reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)(emphasis added).

"[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id.* If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir.1997) (quoting *Edwards v. Balisok*, 520 U.S. 641 (1997)). Here, plaintiff seeks to challenge disciplinary hearings but he does not indicate what sanctions he received.

Plaintiff was also previously advised (*see* ECF No. 35, pp. 7-9) that, to the extent he is attempting to claim a denial of due process, prisoners have "no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest," but they do have "the right not to be deprived of a protected liberty interest without due process of law." *Freeman v. Rideout*, 808 F.2d 949, 951 (2nd Cir.1986). However, Plaintiff has failed to allege facts from which it may be inferred that he was deprived of a protected right.

Mr. Bolton was previously advised that he had failed to provide a factual basis from which it could reasonably be inferred that he had stated a viable § 1983 claim. He was given an opportunity to amend this claim but has failed to do so. He has merely recast the same deficient claims in different language. His claims related to the March 30, 2012, March 14, 2012, and May 29, 2012 infractions should be denied without further leave to amend.

REPORT AND RECOMMENDATION - 10

**E.    Fellow Inmate Defendant**

Mr. Bolton names Chad Lee, an inmate at the Olympic Correction Center, as a defendant. ECF No. 38, p. 12.  There are no allegations contained in the Amended Complaint as to Mr. Lee. Mr. Bolton was previously advised that he has failed to state a claim against Mr. Lee.  ECF No. 35, p. 9.

Mr. Lee is not a "person acting under color of state law."  To succeed on a § 1983 claim, a plaintiff ordinarily must demonstrate deprivation of a constitutional right by a person acting under color of state law.  *Dang Vang v.Van Xiong X. Toyed*, 944 F.2d 476, 479 (9th Cir.1991).  "It is firmly established that a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the state.  Thus, generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law."  *West v. Atkins*, 487 U.S. 42, 49-50, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) (citations omitted).  "Under color of state law" means under pretense of state law. *Screws v. United States*, 325 U.S. 91, 111, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945).  There is no such pretense if the wrongful acts are wholly unrelated to the employee's duty.  *Murphy v. Chicago Transit Auth.*, 638 F.Supp. 464, 467 (N.D.Ill.1986) (citing *Johnson v. Hackett*, 284 F.Supp. 933, 937 (E.D.Pa.1968)).  "[A]ctions taken under color of state law must be related to the state authority conferred on the actor, even though the actions are not actually permitted by the authority."  *Dang Vang*, 944 F.2d at 480 (citations omitted).

It is clear from Mr. Bolton's complaint that Mr. Lee is a prisoner but the amended complaint is devoid of any allegations against Mr. Lee.  A prisoner is not a state employee acting under color of state law and therefore, Mr. Bolton cannot pursue a Section 1983 claim against Mr. Lee.  This claim should be dismissed without further leave to amend.

REPORT AND RECOMMENDATION - 11

**CONCLUSION**

Plaintiff was previously advised that he failed to assert denial of a right secured by the Constitution or laws of the United States.  Plaintiff was warned that if he failed to cure the noted deficiencies of his complaint, the Court would recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g).  ECF No. 35, p. 11.   Plaintiff has been given more than ample opportunity and instruction to allow him to file a viable complaint.  He has failed to do so.  This Court should dismiss his complaint without further leave to amend.

Accordingly, it is recommended that this case **dismissed without prejudice and the dismissal counted as a "strike" under 28 U.S.C. § 1915(g).**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 8, 2013,** as noted in the caption.

**DATED** this  15th   day of February, 2013.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 12